Dear Linda H. Lamone,
You have asked for our opinion whether a minor political party may nominate its candidates by convention if at least one percent of the registered voters in the State are affiliated with that party.
In our opinion, such a political party may nominate its candidates by convention in accordance with the party's rules.
 I Analysis
A. "Non-Principal" or Minor Parties
The State Election Code is set forth in Article 33 of the Annotated Code of Maryland.[1] The term "minor party" does not appear there. Rather, the Election Code designates certain political parties as "principal political parties" — a "majority party" and a "principal minority party."[2] § 1-101(w), (dd), (ee). Principal political parties are required to nominate their candidates for public office by primary election. § 8-202. Other provisions of the Election Code govern the nomination of candidates by other parties.[3] For ease of reference, we use the term "minor party" to refer to any recognized party that is not a "principal political party."
B. Statutory Provisions Governing Nomination of Candidates
Provisions addressing the nomination of candidates by minor parties appear in two titles of the Election Code. Title 4 concerns the formation and governance of political parties. Title 5 deals with candidates for elective public or party office. On their faces, the pertinent provisions of Titles 4 and 5 appear inconsistent on whether a minor party may nominate its candidates by convention.
One provision of Title 4 specifically outlines the manner in which a "new political party" may nominate its candidates:
Unless a new political party is required to hold a primary election to nominate its candidates under Title 8 of this article, the new political party may nominate its candidates by:
(1) Petition in accordance with Title 5 of this article; or
 (2) If at least 1% of the State's registered voters, as of January 1 in the year of the election, are affiliated with the political party, convention in accordance with rules adopted by the political party.
§ 4-102(f) (emphasis added). This subsection appears in a section that generally concerns the formation of political parties and uses the phrase "new political party." The Election Code does not specifically define that phrase or indicate how or when a political party ceases to be "new." However, this subsection unquestionably authorizes a category of minor party) one that has the affiliation of at least one percent of the State's voters) to nominate its candidates by convention in accordance with party rules.
Subtitle 7 of Title 5 of the Election Code generally lays out how candidates for public office may be nominated, whether by political parties or otherwise. However, that subtitle makes no provision whatsoever for nomination by convention. Section 5-701 sets out only two methods of nomination:
 (1) By party primary, for candidates of a principal political party; or
(2) By petition for:
 (i) Candidates of a political party that does not nominate by primary; or
(ii) Candidates not affiliated with any political party.
See also § 8-202(a) (principal political party must use a statewide primary election to nominate its candidates for public office and to elect members of the party's local central committees). Because only principal political parties are directed to nominate their candidates by primary, every minor party is "a political party that does not nominate by primary."[4] Thus, under the literal terms of § 5-701(2)(i), candidates of all minor political parties must be nominated by petition. See also § 5-702 (candidate of a political party must comply with provisions governing primary elections unless candidate is nominated by petition or is running as a write-in candidate). Other provisions of Subtitle 7 set forth requirements for those who seek nomination by petition, § 5-703; those who seek election as write-in candidates, § 5-704; and those who seek nomination by primary election, §§ 5-705, 5-706. Nothing in the subtitle refers to nomination by convention.
Thus, while § 4-102(f) offers a "new" party with the requisite number of adherents the option of nominating its candidates by petition or by convention, Subtitle 7 of Title 5 alludes only to nomination by petition and makes no allowance for any party to nominate by convention. You have asked us to resolve this facial conflict in the Election Code.
C. 1998 Revision of Maryland Election Laws
For many years before 1971, the State election laws allowed certain minor political parties to nominate their candidates by "primary convention or primary meeting." See Annotated Code of Maryland, Article 33, § 6-1 (1957, 1971 Repl. Vol.); Article 33, § 42 (1951); Article 33, § 83 (1939).[5] However, beginning in 1971, and continuing for nearly three decades, all minor political parties were required to nominate their candidates by petition. Chapter 354, Laws of Maryland 1971, codified at Annotated Code of Maryland, Article 33, § 4B-1(h) (1997 Repl. Vol.).
In 1996, the General Assembly created a Commission to Revise the Election Code and charged it with recommending a comprehensive revision of the Code. Chapter 431, Laws of Maryland 1996. The Commission submitted its report in late 1997, together with several draft bills that were introduced during the 1998 session of the General Assembly. Based on the Commission's recommendations, the General Assembly recodified and significantly revised the Election Code.
The majority of the Commission's proposals for amendment of the law were embodied in a "main bill," which completely recodified the Election Code and incorporated those substantive changes regarded as non-controversial. Other proposals, regarded as more likely to generate differences of opinion, were set forth in eight separate proposed bills.
The Commission made recommendations dealing with minor political parties — and the manner in which those parties might nominate candidates for the general election ballot — in both the main bill, introduced as Senate Bill 118, and in a separate bill introduced as Senate Bill 123.[6] The main bill essentially continued the substance of then-existing law, whereas Senate Bill 123 embodied revisions intended to liberalize ballot access for minor parties. In particular, the recodification of the Election Code in the main bill stated generally, in new § 5-701, that candidates were to be nominated by party primary or by petition, and it reiterated those same options for candidates of a new party in a new § 4-102(f) . In contrast, Senate Bill 123 proposed, among other things, to amend § 4-102(f) of the main bill to add the option of nomination by convention. Although this option was added to the section concerning formation of new parties, Senate Bill 123 did not provide for pertinent amendments to Title 5, Subtitle 7 of the Election Code.[7]
This discrepancy appears to have been the result of inadvertence, rather than of any intention by the Commission or the Legislature to limit the ability of an otherwise qualified minor party to nominate by convention. Both the Commission's report and legislative staff materials demonstrate a belief that passage of Senate Bill 123 would permit certain minor parties to nominate their candidates in this manner. Thus, in our view, the failure to include parallel provisions in Title 5, Subtitle 7 of the Election Code was simply a mistake.
The Commission's report contained a summary of "Proposed Changes Affecting Non-Primary Parties and Non-Party Candidates," which discussed provisions of both the Commission's "main bill" and the pertinent "separate bill." Report of the Commission to Revise the Election Code (December 1997), pp. 64A-64B. With respect to non-primary nomination procedures, the summary pointed out that the main bill would reduce the number of petition signatures needed for a recognized minor party to nominate a candidate for statewide (but not local) office from three percent to one percent of the State's registered voters, and that the main bill would not change the provision of then-existing law permitting a minor party to designate its presidential and vice presidential candidates without the need for a petition. The summary then stated with respect to the separate bill:
Petition: The candidate of a political party whose members constitute less than 1% of the State's registered voters must gather the signatures of at least 1%, but not less than 250, of the registered voters eligible to vote for the office (statewide and local).
Convention: A political party that has at least 1%, but less than 10%, of the State's registered voters may use a party convention to nominate a candidate for any public office. If they do not use a convention, the petition requirements will apply.
Id., p. 64B.[8] Thus, the Commission clearly contemplated that nomination by convention would be an option for qualifying minor parties.
Similarly, a legislative staff analysis prepared for the Senate Economic and Environmental Affairs Committee with respect to Senate Bill 123 noted that, as part of an effort to increase ballot access for minor parties, the bill provided certain minor parties with the option of nominating their candidates by convention. See Bill Analysis for Senate Bill 123 (1998) ("In addition to nominating its candidates by petition, a new political party may nominate its candidates by convention, if at least 1% of the State's registered voters . . . are affiliated with the political party").
The main bill was ultimately enacted as Chapter 585, Laws of Maryland 1998, and the separate bill concerning political parties and nomination of candidates was ultimately enacted as Chapter 587. The provision concerning nomination by convention in the latter bill was enacted as proposed by the Commission.
It seems apparent that, as part of the general scheme of proposing one main revision of the then-existing Election Code, largely free of substantive changes, and of embodying more controversial proposals in separate bills, the Commission and the Legislature intended that the separate bills, if enacted, should prevail over the main bill to the extent of any inconsistency. Moreover, because the separate bill on political parties and the nomination of candidates was enacted after the main bill, provisions of the separate bill would prevail over those of the main bill, to the extent of any conflict, under general canons of statutory construction. See, e.g., Annotated Code of Maryland, Article 1, § 17; Elgin v. Capital Greyhound Lines, 192 Md. 303,317, 64 A.2d 284, 291 (1949). Accordingly, the provision in § 4-102(f)(2), as amended by Chapter 587, allowing a minor party to nominate by convention should be given effect, despite seemingly contrary provisions in Title 5, Subtitle 7 of the Election Code.
In our view, the use of the phrase "new political party" in § 4-102(f) was not intended to impose a further limitation on the use of a convention to nominate candidates. There is no indication in the Commission report of any intent to limit the convention option to some unspecified early stage of a party's existence. Nor is any policy reason apparent for imposing such a restriction. Indeed, to read § 4-102(f)(2) restrictively to apply only to a minor party that has been recognized within the last few years would render the provision largely meaningless, since a very recently recognized party would be highly unlikely to have achieved the requisite affiliation of one percent of the State's registered voters. Accordingly, we conclude that the option for nomination by convention for "new" political parties was intended to cover all minor parties, regardless of their longevity.
D. Summary
In our opinion, the General Assembly, in enacting Chapter 587, intended to restore to certain minor parties the option to nominate their candidates by convention. Of course, it would be advisable for the Legislature to eliminate any confusion caused by the apparent discrepancy between § 4-102(f) and Title 5, Subtitle 7 of the Election Code, by making appropriate amendments to the latter.
II Conclusion
For the reasons set out in this opinion, we conclude that, under Article 33, § 4-102(f)(2), a minor political party with which at least one percent of the State's registered voters are affiliated may nominate its candidates for public office by convention, notwithstanding that Title 5, Subtitle 7 of the Election Code is silent on nomination by convention. An appropriate amendment to Title 5, Subtitle 7 would clarify the law on this point.
J. Joseph Curran, Jr. Attorney General
Judith A. Armold Assistant Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] All statutory citations in this opinion are to Article 33, unless otherwise indicated.
[2] The Democratic and Republican parties are currently the principal political parties in the State.
[3] The Election Code provides, as well, for the nomination by the voters of candidates who are not affiliated with any party. § 5-701-(2)(ii).
[4] While the Election Code does not explicitly bar minor parties from nominating by primary election, it is a fair inference that the primary election method is restricted to the two principal parties. See Barnhart v. Mandel, 311 F. Supp. 814, 820 n. 8 (D.Md. 1970) (three-judge court) (concluding that similar language in a prior version of the Election Code requiring certain parties to nominate by primary election did not permit other parties to do so); see also Wood v. Putterman, 316 F. Supp. 646 (D.Md.) (three-judge court), aff'd, 400 U.S. 859 (1970).
[5] Nomination by "primary convention or primary meeting" was available for a party whose highest candidate at any election held within the two preceding years had polled more than one percent, but less than 10 percent, of the entire vote cast for a particular office. See, e.g., Annotated Code of Maryland, Article 33, § 6-1 (1957, 1971 Repl. Vol.). These provisions for nomination by primary convention were upheld in Munsell v. Hennegan,182 Md. 15, 20-21, 31 A.2d 640, 643 (1943), and acknowledged in Hennegan v. Geartner, 186 Md. 551, 558, 47 A.2d 393, 396 (1946).
[6] The bills were crossfiled as House Bill 127 and House Bill 118, respectively. The Senate versions were ultimately enacted into law.
[7] Senate Bill 123 did amend § 5-703(e) of the Election Code by reducing the number of signatures required to nominate a candidate by petition, whether for statewide or local office, to one percent of the relevant electorate, with a minimum of 250 signatures.
[8] As the quoted passage indicates, the Commission report recommended that the convention option be available to a minor party that had the affiliation of a minimum of one percent, and a maximum of 10 percent, of the State's registered voters. The 10 percent ceiling was apparently included because the then-existing Election Code required any party with which at least 10 percent of the electorate was affiliated to nominate its candidates by primary election. See Annotated Code of Maryland, Article 33, § 5-1 (1997 Repl. Vol.). The 1998 revision of the Election Code eliminated that provision and limited nomination by primary election to the two principal political parties. See § 8-202. Apparently for that reason, the 10 percent ceiling was also dropped from the provision concerning nomination by convention.
 *Page 94